**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 15-cv-00789-KMT

DONALDSON COMPANY, INC.,

    Plaintiff,

v.

FILTER SERVICE & TESTING CORP.,

    Defendant.

___

**ANSWER AND COUNTERCLAIM**
___

Defendant Filter Service & Testing Corp. ("FST" or "Defendant") hereby answers Plaintiff Donaldson Company, Inc.'s ("Donaldson" or "Plaintiff") Complaint and Jury Demand ("Complaint"). The numbered paragraphs in FST's Answer below correspond to the like-numbered paragraphs of Donaldson's Complaint. Except as expressly admitted below, FST denies the allegations and characterizations in the Complaint.

**THE PARTIES**

1.    FST admits that Plaintiff Donaldson is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1400 West 94th Street, Bloomington, Minnesota, 55431.

2.    FST admits that it is a corporation organized and existing under the laws of the state of Utah, with its principal place of business at 1703 S. Highway 10, Price, Utah 84501.

## JURISDICTION AND VENUE

3. FST admits that this Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

4. FST denies the allegations of Paragraph 4 of the Complaint.

5. FST denies the allegations of Paragraph 5 of the Complaint.

## PATENT-IN-SUIT

6. FST admits that on November 13, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,294,162 ("the '162 Patent"), entitled "Exhaust Filter," naming Steve Anderson, Jared Blaisdell, John Belisle, John Herman, John Hiemstra, Gary D. Reeves, and Wayne M. Wagner as inventors. FST is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 6, and therefore denies the same.

## FIRST CLAIM FOR RELIEF

7. FST denies the allegations of Paragraph 7 of the Complaint.

8. FST denies the allegations of Paragraph 8 of the Complaint.

9. FST denies the allegations of Paragraph 9 of the Complaint.

10. FST denies the allegations of Paragraph 10 of the Complaint.

11. FST denies the allegations of Paragraph 11 of the Complaint.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

FST denies that Plaintiff is entitled to any relief whatsoever, either as prayed for in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

1. FST incorporates and repeats its answer to the allegations of the Complaint as though set forth in full here. Without agreeing that it bears the burden of production or persuasion to any of them, FST asserts the following affirmative defenses listed below. FST reserves the right to add additional defenses, including but not limited to allegations of inequitable conduct, consistent with facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

2. FST has not directly or indirectly infringed any valid and enforceable claim of the '162 Patent either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

3. Each claim of the '162 Patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

4. One or more of the claims in the Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

5. Plaintiff is not entitled to injunctive relief, because, inter alia, any injury to Plaintiff is not irreparable, and Plaintiff has an adequate remedy at law.

## FIFTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, laches, waiver, and/or acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred, in whole or in part, by 35 U.S.C. § 286.

## SEVENTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred, in whole or in part, by 35 U.S.C. § 287.

## EIGHTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred, in whole or in part, by prosecution history estoppel.

## NINTH AFFIRMATIVE DEFENSE

11. FST hereby reserves the right to amend its Answer and Counterclaims to assert additional defenses and/or counterclaims if such defenses or counterclaims are discovered during the course of litigation.

## JURY DEMAND

FST hereby demands a trial by jury on all issues and claims so triable.

## COUNTERCLAIMS

Defendant Filter Service & Testing Corp. ("FST) asserts the following counterclaims against Donaldson Company, Inc. ("Donaldson"):

## NATURE OF ACTION

1. FST seeks through this action a judgment declaring that United States Patent Nos. 7,294,162 ("the '162 patent") are invalid and not infringed by FST.

## THE PARTIES

2. FST is a Utah Corporation having its registered agent and principal place of business in the state of Utah.

3. According to its Complaint, Donaldson is a Delaware corporation with its principal place of business at 1400 West 94th Street, Bloomington, Minnesota, 55431.

## JURISDICTION AND VENUE

4. FST's counterclaims for a declaratory judgment arise under the Declaratory Judgment Act, 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. An actual and justiciable controversy exists under the Declaratory Judgment Act with respect to FST's alleged infringement of, and the validity of, the '162 Patent.

6. This Court has personal jurisdiction over Donaldson as Donaldson has purposely availed itself of the privilege of conducting activities within this State and District.

7. It is FST's contention that venue should be in the District of Utah and is planning on filing a motion to transfer venue to that District. However, if that motion is denied, then venue is proper in this Court under 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

8. FST incorporates the preceding Paragraphs 1-7 by reference.

9. Donaldson has alleged that it is the owner of the '162 Patent.

10. Donaldson has sued FST for infringement of the '162 Patent.

11. An actual and justiciable controversy exists between FST and Donaldson with respect to the '162 Patent. Absent a declaration of non-infringement, Donaldson will continue to wrongfully assert the '162 Patent against FST, and thereby cause FST injury and damage.

12. FST does not infringe any valid and enforceable claim of the '162 Patent either literally or under the doctrine of equivalents. FST has not actively induced or contributed to the infringement of the '162 Patent. FST is entitled to a declaration to that effect.

## SECOND COUNTERCLAIM

### (DECLARATORY JUDGMENT OF INVALIDITY)

13. FST incorporates the preceding paragraphs by reference.

14. Donaldson has alleged that it is the owner of the '162 Patent.

15. Donaldson has sued FST for infringement of the '162 Patent.

16. An actual and justiciable controversy exists between FST and Donaldson with respect to the '162 Patent. Absent a declaration of invalidity, Donaldson will continue to wrongfully assert the '162 Patent against FST, and thereby cause FST injury and damage.

17. The '162 Patent is invalid under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112. FST is entitled to a declaration to that effect.

## PRAYER FOR RELIEF

WHEREFORE, FST asks this Court to:

A. Dismiss Donaldson's action against FST;

B. Enter judgment that the '162 patent is not infringed and invalid and that Donaldson take nothing on its claims against FST;

C. Find that FST is the prevailing party, and that it is entitled to relief under 35 U.S.C. § 285 because this case is exceptional;

D. Award FST its attorney fees and costs of defending this action; and

E. Order such other and further relief as to which FST may be entitled.

## JURY DEMAND

FST hereby demands a trial by jury on all issues and claims so triable.

Dated this 10th of November, 2015.

Respectfully Submitted,

/s/ Joseph G. Pia
Joseph G. Pia
Utah State Bar No. 9945
Joe.pia@padrm.com
PIA ANDERSON DORIUS REYNARD & MOSS
222 South Main Street, Suite 1830
Salt Lake City, Utah 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

*Counsel for Defendant Filter Service & Testing Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2015, I electronically filed the foregoing **ANSWER AND COUNTERCLAIM** with the clerk of the court using CM/ECF, which will send notification of such filing to all registered participants.

/s/ Joseph G. Pia